

E Clarke Balcom, # 01195
cbalcom@qwest.net
**CLARKE BALCOM, P.C.**
1312 SW 16th Ave, 2nd Floor
Portland, OR 97201-2516
Telephone (503) 224-5950
Fax (503) 467-4669
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ABDUL M. HASAN,**<br>PLAINTIFF,<br>v.<br>**PIONEER CREDIT RECOVERY, INC.,**<br>a Delaware corporation,<br>DEFENDANT. | Case CV '08 - 0476 - MO<br><br>COMPLAINT<br>Fair Debt Collection Practices Act<br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Abdul M. Hasan, an individual consumer, against Defendant, Pioneer Credit Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.* (hereinafter "UDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and

Page 1 of 6 - COMPLAINT

2084/

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1397. Declaratory relief is available pursuant to 28 U.S.C. §§ 2001 and 2002. Venue in this District is proper in that Defendant transacts business in the State of Oregon and the conduct complained of occurred in the State of Oregon.

### III. PARTIES

3. Plaintiff, Abdul M. Hasan ("Hasan"), is a natural person residing in Portland, Oregon, County of Multnomah, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), is a Delaware corporation engaged in the business of collecting debt in this state with its principal place of business located at 26 Edward St., Arcade, New York. The principal purpose of Pioneer is the collection of debts, and Pioneer regularly attempts to collect debts alleged to be due another.

5. Pioneer is engaged in the collection of debts from consumers using the mail and telephone. Pioneer regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. On 6/26/2006, an unidentified representative of Pioneer contacted Hasan at his home regarding the payment of a debt allegedly owed to Northwest Education Loan Association arising from an education loan. Unidentified representatives of Pioneer contacted Hasan repeatedly between this date and 2/12/2007, including five telephone calls to Hasan's employer, ESCO Corporations. In each call, Hasan or his employer informed Pioneer's representatives that his employer prohibits him from receiving such communications.

7. On 5/7/2007, an unidentified representative of Pioneer telephoned Hasan's employer and requested to speak with Hasan, despite Hasan's repeated admonitions that his employer

Page 2 of 6 - COMPLAINT

does not allow such calls. Hasan once again notified Pioneer's representative that she should not contact him at his workplace, and that such contacts would put his job at risk.

8. Later on 5/7/2007, an unidentified representative of Pioneer telephoned Hasan's employer a second time and requested to speak with Hasan. Hasan again notified Pioneer's representative that she should not contact Hasan at his workplace, and that such contacts would put Plaintiff's job at risk.

9. On 6/11/2007, an unidentified representative of Pioneer telephoned Hasan's employer and requested to speak with Hasan. Hasan's co-worker, Francisco Limon, answered the call and spoke to the representative before Hasan could be reached. Hasan then took the phone and reiterated to Pioneer's representative that she should not contact him at his workplace, and that further such contacts would put his job at risk. Pioneer's representative informed Hasan that his account was about to go into default.

10. Minutes later on 6/11/2007, an unidentified representative of Defendant again telephoned Hasan's employer and requested to speak with Hasan. Hasan's co-worker, Francisco Limon, who answered the phone, told Pioneer's representative that Hasan was not allowed to take calls at work. After much persistence on the part of Pioneer's representative, Hasan took the phone and spoke with Pioneer's representative. Hasan stressed again to Pioneer's representative that she should not contact Hasan at his workplace, and that further contacts would put Hasan's job at risk.

11. On 10/25/2007, a representative of Pioneer, who identified himself as "Josh," telephoned Hasan at his home. Pioneer's representative asked Hasan to pay an additional $50.00 per month above and beyond the garnishment that was in effect at the time, and represented that if Hasan did this, then in four months the garnishment activity would stop.

Page 3 of 6 - COMPLAINT

12. As a result of the acts alleged above, and constant fear of losing his job because of Pioneer's contacts with Hasan's place of employment, Hasan suffered grief, stress, embarrassment, anger, anxiety, frustration, and emotional distress.

## V. FIRST CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant, through its representatives, violated 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff at his place of employment without Plaintiff's prior consent, and with the knowledge that Plaintiff's employer prohibits Plaintiff from receiving such communication.

   b) Defendant, through its representatives, violated 15 U.S.C. § 1692c(b) by contacting a third party, Plaintiff's employer, without Plaintiff's prior consent.

   c) Defendant, through its representatives, violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of the callers' identities.

   d) Defendant, through its representatives, violated 15 U.S.C. 1692d by engaging in conduct in which the natural consequence is to harass, oppress, or abuse Plaintiff.

15. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

17. Defendant violated the UDCPA. Defendant's violations of the UDCPA include, but are

not limited to, the following:

    a) Defendant, through its representatives, violated ORS § 646.639(g) by communicating with Plaintiff at Plaintiff's place of employment.

    b) Defendant, through its representatives, violated ORS § 646.639(i) by communicating with Plaintiff orally without disclosing the name of the individual making the contact.

18. As a result of the above violations of the UDCPA, the Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, Abdul M. Hasan, respectfully requests that judgment be entered against Defendant, Pioneer Credit Recovery, Inc. for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of the UDCPA;

    B.    Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    C.    Statutory damages of $200 pursuant to ORS § 646.641(1);

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and ORS § 646.641(2); and

    E.    For such other and further relief as the court may deem just and proper.

Respectfully submitted this 17th day of April 20 08,

by _____
E. Clarke Balcom
OSB No. 01195
(503) 224-5950
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

*[signature]*

E. Clarke Balcom
OSB No. 01195
(503) 224-5950
Attorney for Plaintiff